IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| US METRO BANK | ) |
| | ) |
| Plaintiff, | ) Case No.   24-cv-3526 |
| | ) |
| v. | ) |
| | ) Judge: |
| 3511–15 RAVENSWOOD LLC, A FRESH START SOBER LIVING ENVIRONMENTS, INC., LEONID GOLDFARB a/k/a LENNY GOLDFARB, 2147 WEST BELMONT CORPORATION, 2310 WEST BELMONT CORPORATION, 3818 N DAMEN LLC, and 2320 W ADDISON LLC, | ) ) ) Magistrate Judge: ) ) ) ) ) |
| | ) |
| Defendants. | ) |

**COMPLAINT TO FORECLOSE
MORTGAGE AND FOR OTHER RELIEF**

Now comes the plaintiff, US Metro Bank ("US Metro"), by and through its attorneys, McFadden & Dillon, P.C., and for its Complaint against the defendants, 3511-15 Ravenswood LLC, A Fresh Start Sober Living Environments, Inc., Leonid Goldfarb a/k/a Lenny Goldfarb, 2147 West Belmont Corporation, 2310 West Belmont Corporation, 3818 N Damen LLC, and 2320 W Addison LLC, alleges as follows:

**JURISDICTION AND VENUE**

1.     This Court has original subject matter jurisdiction in the above-captioned cause pursuant to 28 U.S.C. § 1332(a) because the matter in controversy is between citizens of different states and the damages claimed exceed the sum of $75,000 exclusive of interest and costs.

1

2. This Court has personal jurisdiction over each of the defendants pursuant to 735 ILCS 5/2-209(a) and (b).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a).

## THE PARTIES AND FACTUAL BACKGROUND

4. US Metro is a California-state chartered banking association, the main office of which is located in the State of California and organized under the laws of the State of California.

5. The defendant, 3511-15 RAVENSWOOD LLC ("3511-15 Ravenswood"), is an Illinois limited liability company with its principal place of business located in Illinois. The sole member of 3511-15 Ravenswood, LEONID GOLDFARB A/K/A LENNY GOLDFARB ("Goldfarb"), is a citizen of the State of Illinois.

6. The defendant, A FRESH START SOBER LIVING ENVIRONMENTS, INC., ("Fresh Start"), is an Illinois corporation with its principal place of business in Illinois.

7. Goldfarb is a citizen of the State of Illinois and was at all times referenced in this Complaint a resident of the State of Illinois.

8. The defendant, 2147 WEST BELMONT CORPORATION ("2147 W Belmont"), is an Illinois corporation with its principal place of business in Illinois.

9. The defendant, 2310 WEST BELMONT CORPORATION ("2310 W Belmont") is an Illinois corporation with its principal place of business in Illinois.

10. The Defendant, 3818 N DAMEN LLC ("3818 N Damen"), is an Illinois limited liability company with its principal place of business located in Illinois. The

sole member of 3818 N Damen, Goldfarb, is a citizen of the State of Illinois.

11. The Defendant, 2320 W ADDISON LLC ("2320 W Addison"), is an Illinois limited liability company with its principal place of business located in Illinois. The sole member of 2320 W Addison, Goldfarb, is a citizen of the State of Illinois.

**FACTUAL ALLEGATIONS**

12. On or about July 14, 2023, 3511-15 Ravenswood and Fresh Start individually and jointly and severally executed a Note dated July 14, 2023, in favor of US Metro and in the original principal amount of $4,830,000.00 (the "Note"). 3511-15 Ravenswood and Fresh Start are collectively herein, where appropriate, the "Borrowers". A true and correct copy of the Note is attached hereto and made a part hereof as Exhibit A.

13. As security for the Note, 3511-15 Ravenswood contemporaneously executed a Mortgage dated July 14, 2023 (the "Mortgage") granting US Metro a security interest in the real property commonly known as 3511-3515 North Ravenswood Avenue, Chicago, Illinois 60657-1013 (the "Property"). 3511-15 Ravenswood is the "Mortgagor" herein where appropriate. The Mortgage was recorded on July 21, 2023, at the Office of the Cook County Clerk as Document Number 2320255163. A true and correct copy of the Mortgage is attached hereto and made a part hereof as Exhibit B.

14. As additional security for the Note, Goldfarb executed an Unconditional Guarantee in favor of US Metro dated July 14, 2023, unconditionally guarantying all obligations of the Borrowers owing to US Metro, including, without limitation, the

3

obligations arising under the Note (the "Goldfarb Guarantee"). A true and correct copy of the Goldfarb Guarantee is attached hereto and made a part hereof as <u>Exhibit C</u>.

15. As additional security for the Note, Goldfarb as President and Secretary of 2147 W Belmont executed an Unconditional Guarantee in favor of US Metro dated July 14, 2023, unconditionally guarantying all obligations of the Borrowers owing to US Metro, including, without limitation, the obligations arising under the Note (the "2147 W Belmont Guarantee"). A true and correct copy of the 2147 W Belmont Guarantee is attached hereto and made a part hereof as <u>Exhibit D</u>.

16. As additional security for the Note, Goldfarb as President and Secretary of 2310 W Belmont executed an Unconditional Guarantee in favor of US Metro dated July 14, 2023, unconditionally guarantying all obligations of the Borrowers owing to US Metro, including, without limitation, the obligations arising under the Note (the "2310 W Belmont Guarantee"). A true and correct copy of the 2310 W Belmont Guarantee is attached hereto and made a part hereof as <u>Exhibit E</u>.

17. As additional security for the Note, Goldfarb as manager and sole member of 3818 N Damen executed an Unconditional Guarantee in favor of US Metro dated July 14, 2023, unconditionally guarantying all obligations of the Borrowers owing to US Metro, including, without limitation, the obligations arising under the Note (the "3818 N Damen Guarantee"). A true and correct copy of the 3818 N Damen Guarantee is attached hereto and made a part hereof as <u>Exhibit F</u>.

18. As additional security for the Note, Goldfarb as manager and sole

member of 2320 W Addison executed an Unconditional Guarantee in favor of US Metro dated July 14, 2023, unconditionally guarantying all obligations of the Borrowers owing to US Metro, including, without limitation, the obligations arising under the Note (the "2320 W Addison Guarantee"). A true and correct copy of the 2320 W Addison Guarantee is attached hereto and made a part hereof as <u>Exhibit G</u>.

19. Goldfarb, 2147 W Belmont, 2310 W Belmont, 3818 N Damen, and 2320 W Addison are collectively herein, where appropriate the "Guarantors". The Goldfarb Guarantee, the 2147 W Belmont Guarantee, the 2310 W Belmont Guarantee, the 3818 N Damen Guarantee, and the 2320 W Addison Guarantee are collectively herein, where appropriate the "Guarantees".

## DEFAULT

20. Borrowers are in default under the terms and conditions of the Note due to their collective failure to make installment payments due under the Note in a timely fashion as of January 1, 2024.

21. By virtue of the Borrowers' breach of their obligations to US Metro as stated above, the Guarantors have breached their obligations to US Metro arising under the Guarantees by failing to perform the Borrowers' obligations to US Metro arising under the terms and provisions of the Note.

22. Due to the aforementioned default, US Metro through counsel sent a demand letter ("Demand Letter") dated March 29, 2024, to Borrowers, Mortgagor, and Guarantors calling due all monies owed to US Metro pursuant to the Note. A true and correct copy of the Demand Letter is attached hereto and made a part hereof as

Exhibit H.

23. The amounts due and owing from Defendants to US Metro as of April 30, 2024, is as follows:

| | |
|---|---:|
| Principal | $ 4,820,071.90 |
| Interest thru 4/30/24 | $ 190,222.37 |
| Late Charges | $ 11,195.45 |
| Pre-payment Penalty | $ 241,003.59 |
| **NET AMOUNT DUE** | **$ 5,262,493.31** |
| Per Diem | $ 1,353.58 |

## COUNT I
## FORECLOSURE OF MORTGAGE

24. US Metro realleges and incorporates by reference paragraphs 1-23 above as paragraph 24 of Count I as if fully set forth herein.

25. US Metro files Count I of this Complaint pursuant to 735 ILCS 5/15-1101, et seq., to foreclose the mortgage hereinafter described and joins the following persons as the defendant(s): 3511-15 RAVENSWOOD LLC, A FRESH START SOBER LIVING ENVIRONMENTS, INC., LEONID GOLDFARB A/K/A LENNY GOLDFARB, 2147 WEST BELMONT CORPORATION, 2310 WEST BELMONT CORPORATION, 3818 N DAMEN LLC, and 2320 W ADDISON LLC.

26. Information concerning the Mortgage:
    a.    Nature of instrument: Mortgage

    b.    Date of Mortgage: July 14, 2023

    c.    Name of Mortgagor(s): 3511-15 RAVENSWOOD LLC

    d.    Name of Mortgagee: US Metro

6

e. Date and Place of Recording:
July 21, 2023 at the Cook County Clerk

f. Identification of Recording: Document Number 2320255163

g. Interest Subject to Mortgage: Fee Simple

h. Amount of original indebtedness, including subsequent advances made under Mortgage: $4,830,000.00

i. Both the legal description of the mortgaged real estate and the common address or other information sufficient to identify it with reasonable certainty:

i. Legal description:

LOT 22 AND 23 IN BLOCK 1 IN GROSS' NORTH ADDITION TO CHICAGO BEING A SUBDIVISION OF THE SOUTHWESTERLY 1/2 OF THE EAST 1/2 OF THE SOUTHEAST 1/4 OF SECTION 19, TOWNSHIP 40 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

ii. Common Address: 3511-3515 N. Ravenswood Avenue
Chicago, IL 60657

iii. Property Index Number (PIN): 14-19-404-009-0000 and 14-19-404-010-0000

j. Statement as to defaults, including, but not necessarily limited to, date of default, current unpaid principal balance, per diem interest accruing, and any other information concerning the default:

i. Borrowers, 3511-15 Ravenswood and Fresh Start failed to make timely monthly payments to US Metro pursuant to the terms provisions of the Note as of January 1, 2024.

ii. Total current unpaid remaining principal balance: $4,820,071.90

iii. The total amount now due is **$5,262,493.31** as of April 30, 2024 plus interest and late charges accrued thereafter, court costs, title costs, and US Metro's attorney's fees.

7

        iv. The per diem interest accruing under Mortgage after default is: $1,353.58

k. Name of present owner of the real estate:
3511-15 Ravenswood LLC

l. Names of other persons who are joined as defendants and whose interest in or lien on the mortgaged real estate is sought to be terminated:

    i. LEONID GOLDFARB A/K/A LENNY GOLDFARB, guarantor;
    ii. 2147 WEST BELMONT CORPORATION, guarantor;
    iii. 2310 WEST BELMONT CORPORATION, guarantor;
    iv. 3818 N DAMEN LLC, guarantor; and
    v. 2320 W ADDISON LLC, guarantor.

m. Names of Defendants claimed to be personally liable for deficiency, if any:

    i. 3511-15 RAVENSWOOD LLC, borrower;
    ii. A FRESH START SOBER LIVING ENVIRONMENTS, INC., borrower;
    iii. LEONID GOLDFARB A/K/A LENNY GOLDFARB, guarantor;
    iv. 2147 WEST BELMONT CORPORATION, guarantor;
    v. 2310 WEST BELMONT CORPORATION, guarantor;
    vi. 3818 N DAMEN LLC, guarantor; and
    vii. 2320 W ADDISON LLC, guarantor.

n. Capacity in which US Metro brings this foreclosure:

As the owner and legal holder of the Note, Mortgage, and the indebtedness.

o. Facts in support of shortened redemption period, if sought:

Mortgagor, 3511-15 Ravenswood, has waived its right of redemption per Mortgage, page 12.

p. Statement that the right of redemption has been waived by all owners of redemption, if applicable:

            Mortgagor, 3511-15 Ravenswood, has waived its right of redemption per Mortgage, page 12.

q.    Facts in support of request for attorney's fees and costs and expenses, if applicable:

     US Metro has been required to retain counsel for prosecution of this foreclosure and to incur substantial attorney's fees, court costs, title insurance or abstract costs, and other expenses that should be added to the balance secured by said Mortgage.

r.    Facts in support of a request for appointment of mortgagee in possession or for appointment of a receiver, and the identity of such receiver, if sought:

     US Metro does not seek possession of the mortgaged real estate by this Complaint. US Metro will bring an appropriate motion before the Court in the above-captioned litigation if seeking possession of the mortgaged property.

s.    US Metro does NOT offer the Mortgagor in accordance with 735 ILCS 5/15-1402 to accept title to the real estate in satisfaction of all indebtedness and obligations secured by the Mortgage without judicial sale.

t.    Name or names of defendants whose right to possess the mortgaged real estate, after the confirmation of a foreclosure sale, is sought to be terminated and, if not elsewhere stated, the facts in support thereof:

     i.    3511-15 RAVENSWOOD LLC, borrower/mortgagor;
     ii.   A FRESH START SOBER LIVING ENVIRONMENTS, INC., borrower;
     iii.  LEONID GOLDFARB A/K/A LENNY GOLDFARB, guarantor;
     iv.  2147 WEST BELMONT CORPORATION, guarantor;
     v.   2310 WEST BELMONT CORPORATION, guarantor;
     vi.  3818 N DAMEN LLC, guarantor; and
     vii.  2320 W ADDISON LLC, guarantor.

**WHEREFORE**, Plaintiff, US Metro Bank, respectfully requests that this Honorable Court grant the following relief: (i) enter a judgment of foreclosure and

sale, (ii), enter an order granting a shortened period of redemption, if sought, (iii) enter a personal judgment for a deficiency, if sought, (iv) enter an order granting possession, if sought, (v) enter an order place the mortgagee in possession or appointing a receiver, if sought, (vi) enter a judgment for attorney's fees, costs, and expenses, if sought, and (vii) grant such other relief as equity may require, including but not limited to declaratory and injunctive relief.

## COUNT II - BREACH OF CONTRACT
## LEONID GOLDFARB A/K/A LENNY GOLDFARB GUARANTY

27. US Metro realleges and incorporates by reference paragraphs 1-26 above as paragraph 27 of Count II as if fully set forth herein.

28. By virtue of the Borrowers' breach of their obligations to US Metro as stated above, Goldfarb has also breached his obligations to US Metro arising under the Goldfarb Guaranty by failing to perform the Borrowers' obligations under the Note.

29. As a result of the aforesaid breach by Goldfarb of his obligations to US Metro under the Goldfarb Guaranty, as of April 30, 2024, there is due and owing to US Metro from Goldfarb the following:

| | |
|---|---|
| Principal | $ 4,820,071.90 |
| Interest thru 4/30/24 | $ 190,222.37 |
| Late Charges | $ 11,195.45 |
| Pre-payment Penalty | $ 241,003.59 |
| **NET AMOUNT DUE** | **$ 5,262,493.31** |
| Per Diem | $ 1,353.58 |

30. US Metro has performed each and every one of its obligations under the

Note, Mortgage, and Goldfarb Guaranty.

31. Pursuant to the terms of the Goldfarb Guaranty, Goldfarb agreed to reimburse US Metro for any expenses, including reasonable attorney's fees, incurred by US Metro in enforcing its rights under the Goldfarb Guaranty.

**WHEREFORE**, Plaintiff, US Metro Bank, respectfully requests that this Honorable Court grant the following relief: (i) enter judgment in its favor and against the defendant, LEONID GOLDFARB A/K/A LENNY GOLDFARB, on Count II of the Complaint in the amount of **$5,262,493.31** together with additional accrued interest and charges as provided in the Goldfarb Guaranty; (ii) award US Metro, pursuant to the terms and provisions of the Goldfarb Guaranty, its costs and expenses, including reasonable attorney's fees, necessarily incurred by US Metro in enforcing its rights arising under the Goldfarb Guaranty; and (iii) grant such further relief as this Court may deem just and proper.

**COUNT III - BREACH OF CONTRACT**
**2147 WEST BELMONT CORPORATION GUARANTY**

32. US Metro realleges and incorporates by reference paragraphs 1-26 above as paragraph 32 of Count III as if fully set forth herein.

33. By virtue of the Borrowers' breach of their obligations to US Metro as stated above, 2147 W Belmont has also breached its obligations to US Metro arising under the 2147 W Belmont Guaranty by failing to perform the Borrowers' obligations under the Note.

34. As a result of the aforesaid breach by 2147 W Belmont of its obligations

to US Metro under the 2147 W Belmont Guaranty, as of April 30, 2024, there is due and owing to US Metro from 2147 W Belmont the following:

| | |
|---|---:|
| Principal | $ 4,820,071.90 |
| Interest thru 4/30/24 | $ 190,222.37 |
| Late Charges | $ 11,195.45 |
| Pre-payment Penalty | $ 241,003.59 |
| **NET AMOUNT DUE** | **$ 5,262,493.31** |
| Per Diem | $ 1,353.58 |

35.  US Metro has performed each and every one of its obligations under the Note, Mortgage, and 2147 W Belmont Guaranty.

36.  Pursuant to the terms of the 2147 W Belmont Guaranty, 2147 W Belmont agreed to reimburse US Metro for any expenses, including reasonable attorney's fees, incurred by US Metro in enforcing its rights under the 2147 W Belmont Guaranty.

**WHEREFORE**, Plaintiff, US Metro Bank, respectfully requests that this Honorable Court grant the following relief: (i) enter judgment in its favor and against the defendant, 2147 WEST BELMONT CORPORATION, on Count III of the Complaint in the amount of **$5,262,493.31** together with additional accrued interest and charges as provided in the 2147 W Belmont Guaranty; (ii) award US Metro, pursuant to the terms and provisions of the 2147 W Belmont Guaranty, its costs and expenses, including reasonable attorney's fees, necessarily incurred by US Metro in enforcing its rights arising under the 2147 W Belmont Guaranty; and (iii) grant such further relief as this Court may deem just and proper.

## COUNT IV - BREACH OF CONTRACT
## 2310 WEST BELMONT CORPORATION GUARANTY

37. US Metro realleges and incorporates by reference paragraphs 1-26 above as paragraph 37 of Count IV as if fully set forth herein.

38. By virtue of the Borrowers' breach of their obligations to US Metro as stated above, 2310 W Belmont has also breached its obligations to US Metro arising under the 2310 W Belmont Guaranty by failing to perform the Borrowers' obligations under the Note.

39. As a result of the aforesaid breach by 2310 W Belmont of its obligations to US Metro under the 2310 W Belmont Guaranty, as of April 30, 2024, there is due and owing to US Metro from 2310 W Belmont the following:

| | |
|---|---|
| Principal | $ 4,820,071.90 |
| Interest thru 4/30/24 | $ 190,222.37 |
| Late Charges | $ 11,195.45 |
| Pre-payment Penalty | $ 241,003.59 |
| **NET AMOUNT DUE** | **$ 5,262,493.31** |
| Per Diem | $ 1,353.58 |

40. US Metro has performed each and every one of its obligations under the Note, Mortgage, and 2310 W Belmont Guaranty.

41. Pursuant to the terms of the 2310 W Belmont Guaranty, 2310 W Belmont agreed to reimburse US Metro for any expenses, including reasonable attorney's fees, incurred by US Metro in enforcing its rights under the 2310 W Belmont Guaranty.

**WHEREFORE**, Plaintiff, US Metro Bank, respectfully requests that this

Honorable Court grant the following relief: (i) enter judgment in its favor and against the defendant, 2310 WEST BELMONT CORPORATION, on Count IV of the Complaint in the amount of **$5,262,493.31** together with additional accrued interest and charges as provided in the 2310 W Belmont Guaranty; (ii) award US Metro, pursuant to the terms and provisions of the 2310 W Belmont Guaranty, its costs and expenses, including reasonable attorney's fees, necessarily incurred by US Metro in enforcing its rights arising under the 2310 W Belmont Guaranty; and (iii) grant such further relief as this Court may deem just and proper.

## COUNT V - BREACH OF CONTRACT
## 3818 N DAMEN LLC GUARANTY

42. US Metro realleges and incorporates by reference paragraphs 1-26 above as paragraph 42 of Count V as if fully set forth herein.

43. By virtue of the Borrowers' breach of their obligations to US Metro as stated above, 3818 N Damen has also breached its obligations to US Metro arising under the 3818 N Damen Guaranty by failing to perform the Borrowers' obligations under the Note.

44. As a result of the aforesaid breach by 3818 N Damen of its obligations to US Metro under the 3818 N Damen Guaranty, as of April 30, 2024, there is due and owing to US Metro from 3818 N Damen the following:

| | |
|---|---|
| Principal | $ 4,820,071.90 |
| Interest thru 4/30/24 | $ 190,222.37 |
| Late Charges | $ 11,195.45 |
| Pre-payment Penalty | $ 241,003.59 |
| **NET AMOUNT DUE** | **$ 5,262,493.31** |

        Per Diem                                               $ 1,353.58

45. US Metro has performed each and every one of its obligations under the Note, Mortgage, and 3818 N Damen Guaranty.

46. Pursuant to the terms of the 3818 N Damen Guaranty, 3818 N Damen agreed to reimburse US Metro for any expenses, including reasonable attorney's fees, incurred by US Metro in enforcing its rights under the 3818 N Damen Guaranty.

**WHEREFORE**, Plaintiff, US Metro Bank, respectfully requests that this Honorable Court grant the following relief: (i) enter judgment in its favor and against the defendant, 3818 N DAMEN LLC, on Count V of the Complaint in the amount of **$5,262,493.31** together with additional accrued interest and charges as provided in the 3818 N Damen Guaranty; (ii) award US Metro, pursuant to the terms and provisions of the 3818 N Damen Guaranty, its costs and expenses, including reasonable attorney's fees, necessarily incurred by US Metro in enforcing its rights arising under the 3818 N Damen Guaranty; and (iii) grant such further relief as this Court may deem just and proper.

### COUNT VI - BREACH OF CONTRACT
### 2320 W ADDISON LLC GUARANTY

47. US Metro realleges and incorporates by reference paragraphs 1-26 above as paragraph 47 of Count VI as if fully set forth herein.

48. By virtue of the Borrowers' breach of their obligations to US Metro as stated above, 2320 W Addison has also breached its obligations to US Metro arising under the 2320 W Addison Guaranty by failing to perform the Borrowers' obligations under the Note.

49. As a result of the aforesaid breach by 2320 W Addison of its obligations to US Metro under the 2320 W Addison Guaranty, as of April 30, 2024, there is due and owing to US Metro from 2320 W Addison the following:

| | |
|---|---|
| Principal | $ 4,820,071.90 |
| Interest thru 4/30/24 | $ 190,222.37 |
| Late Charges | $ 11,195.45 |
| Pre-payment Penalty | $ 241,003.59 |
| **NET AMOUNT DUE** | **$ 5,262,493.31** |
| Per Diem | $ 1,353.58 |

50. US Metro has performed each and every one of its obligations under the Note, Mortgage, and 2320 W Addison Guaranty.

51. Pursuant to the terms of the 2320 W Addison Guaranty, 2320 W Addison agreed to reimburse US Metro for any expenses, including reasonable attorney's fees, incurred by US Metro in enforcing its rights under the 2320 W Addison Guaranty.

**WHEREFORE**, Plaintiff, US Metro Bank, respectfully requests that this Honorable Court grant the following relief: (i) enter judgment in its favor and against the defendant, 2320 W ADDISON LLC, on Count VI of the Complaint in the amount of **$5,262,493.31** together with additional accrued interest and charges as provided in the 2320 W Addison Guaranty; (ii) award US Metro, pursuant to the terms and provisions of the 2320 W Addison Guaranty, its costs and expenses, including reasonable attorney's fees, necessarily incurred by US Metro in enforcing its rights arising under the 2320 W Addison Guaranty; and (iii) grant such further relief as this Court may deem just and proper.

       Respectfully submitted,

       US METRO BANK

       By: /s/ *Wendy Kaleta Gattone*_____
        One of the attorneys

Thomas J. Dillon (ARDC # 3124223)
Wendy Kaleta Gattone (ARDC # 6226119)
w.gattone@mcdillaw.com
Kyle T. Dillon (ARDC#6323818)
120 S. LaSalle Street
Suite 1920
Chicago, Illinois 60603
(312) 201-8300

**Attorneys for Plaintiff, US METRO BANK**