**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| US Metro Bank, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:24-cv-03526 |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| Leonid Goldfarb, 3511-15 Ravenswood LLC, | ) | |
| A Fresh Start Sober Living Environments, Inc., | ) | |
| 2147 West Belmont Corporation, | ) | |
| 2310 West Belmont Corporation, | ) | |
| 3818 N Damen LLC, and | ) | |
| 2320 W Addison LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff US Metro Bank ("Metro") filed a mortgage foreclosure complaint against

Defendants Leonid Goldfarb, 3511-15 Ravenswood LLC, A Fresh Start Sober Living

Environments, Inc. ("Fresh Start"), 2147 West Belmont Corporation, 2310 West Belmont

Corporation, 3818 N Damen LLC, and 2320 W Addison LLC concerning real property located at

3511-3515 North Ravenswood Avenue, Chicago, Illinois 60657-1013 (the "Property"). Plaintiff

now moves for summary judgment, default judgment, judgment of foreclosure and sale, and

attorneys' fees. For the reasons stated below, the Court grants Plaintiff's motions.

### Background

On or about July 14, 2023, 3511-15 Ravenswood and Fresh Start (together, the

"Borrowers") individually and jointly and severally executed a Note dated July 14, 2023, in favor

of Metro and in the original principal amount of $4,830,000.00 (the "Note"). As security for the

Note, 3511-15 Ravenswood contemporaneously executed a mortgage dated July 14, 2023 (the

"Mortgage") granting Metro a security interest in the Property. Metro secured its interest in the

Note by recording a mortgage with the Office of the Cook County Clerk on July 21, 223. Pursuant to the Note and the Mortgage, the Borrowers were required to make monthly payments of principal and interest to Metro.

As additional security for the Note, Goldfarb—in his own capacity and in his capacity as president or manager of 2147 W Belmont, 2310 W Belmont, 3818 N Damen, and 2320 W Addison (together with Goldfarb, the "Guarantors")—executed various other guarantees on July 14, 2023 unconditionally guarantying all obligations of the Borrowers owing to Metro, including, without limitation, the obligations arising under the Note (the "Guarantees").

As of January 1, 2024, the Borrowers failed to make payments under the Note. On March 29, 2024, Metro sent the Defendants a demand letter demanding payment of all monies owed to Metro pursuant to the Note and the Guarantees.

On May 1, 2024, Metro filed this action to foreclose on the Mortgage and to recover under the Note. ECF 1. On September 26, 2024, Goldfarb filed an answer to the complaint; Goldfarb did not assert any affirmative defenses or counterclaims. ECF 23. No other Defendant has appeared or answered. The parties have sought no discovery from one another, citing the fact that this is a routine foreclosure case. ECF 31. Metro now moves for summary judgment against Goldfarb and default judgment against the other Defendants. ECF 69, 70. Metro also asks the Court to enter a judgment of foreclosure and sale, and to award Metro reasonable attorneys' fees and expenses. ECF 71, 75.

**Applicable Law**

This matter is before the Court pursuant to the Court's diversity jurisdiction. *See* 28 U.S.C. § 1332. In diversity cases, the Court applies federal procedural law and state substantive law. *Santa's Best Craft, LLC v. St. Paul Fire & Marine Ins. Co.*, 611 F.3d 339, 345 (7th Cir. 2010).

2

Here, Illinois substantive law applies because the case involves the foreclosure of a mortgage on real property located in Illinois.

<strong>Discussion</strong>

## A. Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering such a motion, the court construes the evidence and all inferences that reasonably can be drawn therefrom in the light most favorable to the nonmoving party. *See Wesbrook v. Ulrich*, 840 F.3d 388, 391 (7th Cir. 2016); *Kvapil v. Chippewa Cty.*, 752 F.3d 708, 712 (7th Cir. 2014). "Summary judgment should be denied if the dispute is 'genuine': 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Talanda v. KFC Nat'l Mgmt. Co.*, 140 F.3d 1090, 1095 (7th Cir. 1998) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)); *see also Bunn v. Khoury Enters., Inc.*, 753 F.3d 676, 681-82 (7th Cir. 2014). The court will enter summary judgment against a party who does not "come forward with evidence that would reasonably permit the finder of fact to find in [its] favor on a material question." *Modrowski v. Pigatto*, 712 F.3d 1166, 1167 (7th Cir. 2013).

Metro seeks summary judgment against Goldfarb for Counts I (foreclosure) and II (breach of contract).

### 1. Foreclosure

"Under Illinois law, a bank such as [Metro] can initiate foreclosure proceedings upon either the debt's maturity or a default of a condition in the instrument." *PNC Bank, N.A. v. Boytor*, 109 F.4th 495, 503 (7th Cir. 2024) (quoting *Heritage Pullman Bank v. Am. Nat'l Bank & Tr. Co. of Chi.*, 164 Ill.App.3d 680, 518 N.E.2d 231, 235 (1987)). "A mortgagee establishes a *prima facie*

case for foreclosure by introducing the mortgage and underlying note." *Id*. (quoting *PNC Bank, Nat'l Ass'n v. Zubel*, 388 Ill.Dec. 589, 24 N.E.3d 869, 875 (Ill. App. Ct. 2014)). "Then, the burden shifts to the mortgagor to prove any applicable affirmative defenses." *Id*. "The Illinois foreclosure statute also requires that the complaint include a copy of the mortgage and underlying note as exhibits and that the complaint allege certain details about the mortgage." *Id*. (citing 735 ILCS 5/15-1504(a)).

Goldfarb fails to meet his burden to establish a dispute of material fact. First, Goldfarb "denies [that Plaintiff's demand letter, Exhibit H to the complaint] constitutes proper notice" because it was sent to an out-of-date address. But this fact is not material: in his answer, Goldfarb admitted that "the purported loan documents attached as exhibits to the Complaint do not seem to require a notice" in the first instance. ECF 23 at 7. Goldfarb's remaining arguments concerning the amount he is alleged to owe both fail to do more than raise "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Goldfarb denies the amount owed to Metro because Plaintiff, during the course of this litigation, reconciled its records with the U.S. Small Business Administration's Standard Operating Procedures ("SBA SOP"), and obtained a different calculation of the amount owed under the Note than the one attested to previously. *See* ECF 86 at 1-2; ECF 83 at ¶¶ 5-7; ECF 73 at ¶ 7. Goldfarb argues that this revision means that "[t]he court cannot have confidence that Plaintiff's representation is true and correct." ECF 86 at 1. But Goldfarb provides no evidence suggesting that Plaintiff's calculation is incorrect. Goldfarb also denies the amount owed to Metro because Plaintiff's affiant "implies that the accounting program used is recognized as standard in the industry but Mr. Oh does not explain how he knows this to be true." ECF 76 at 2; ECF 76-1 at 8. But the Oh Affidavit actually states that "[t]he System operates on *computing equipment*

4

recognized as standard in the banking industry." ECF 73 at ¶ 5 (emphasis added). In any event, Goldbarb does not provide any evidence that Oh's failure to explain how he knows what is standard in the banking industry—whether it be the accounting system or the computing equipment it runs on—impinges on the amount Goldfarb is alleged to owe Metro.

The Court next turns to the issue of whether Plaintiff is entitled to judgment as a matter of law. Plaintiff has met its initial burden to establish a prima facie case by (a) appending the Mortgage and underlying Note to its complaint and (b) providing the mortgage information required by 735 ILCS 5/15-1504(a)(3). *See* ECF 1-1; ECF 1-2; ECF 1 at ¶ 26. Metro further pleaded the details of the Borrowers' default, explaining that the Borrowers failed to make payments under the Note beginning January 1, 2024. *See* ECF 1 at ¶ 20. Metro also included the unpaid principal balance of $4,820,071.90, *see id.* at ¶ 23, and has provided an updated total amount due of $4,303,611.41 as of January 13, 2026. *See* ECF 80-1 at ¶ 7.

Goldfarb argues that Plaintiff has not met its burden of proof on summary judgment. His principal argument is that the affidavit of proof supporting Plaintiff's motion (the "Oh Affidavit") is "hearsay because it fails to provide all of the business records upon which its conclusions are based." ECF 76 at 2.[1] The Oh Affidavit states that Oh:

> reviewed and analyzed the business and loan records including, but not limited to the Note, the Mortgage, the Guarantees, and the payment history which documents are and have been maintained in the ordinary course of business of US Metro relative to the transaction and attached to the Complaint as exhibits thereto, and further incorporated in this Affidavit.

ECF 40 at ¶ 40. Because Goldfarb does not specify, the Court can only presume that he interprets the phrase "including, but not limited to" to imply that Oh "reviewed and analyzed . . . business

---

[1] Both parties make their arguments on this issue under Illinois, rather than federal, evidentiary standards. This is improper. *See Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 943 (7th Cir. 2005) (Federal Rules of Evidence apply in diversity cases, though state substantive law affects relevancy determinations).

and loan records" that have not been attached to either the complaint or the Oh Affidavit. But Goldfarb does not identify or otherwise suggest what those documents might be. Goldfarb may not avoid summary judgment by relying on conclusory allegations or unsubstantiated speculation.

Additionally, Goldfarb contends that the "Payoff and Payment History" prepared by Oh and attached to the Oh Affidavit, *see* ECF 40-1, ECF 40-2, ECF 73-1, are hearsay because they were prepared in contemplation of litigation. *See* ECF 76 at 2. "It is well established . . . that documents prepared in anticipation of litigation are not admissible under FRE 803(6) . . . Litigation generally is not a regularly conducted business activity." *Jordan v. Binns*, 712 F.3d 1123, 1135 (7th Cir. 2012). While the specific Payoff and Payment History entered into the record here might not have been in existence before litigation was contemplated, Goldfarb views the issue too narrowly. Oh states that he "generated the Payoff from US Metro's electronic accounting/payment management system (the 'System') which automatically calculates, tracks, and maintains balances and interest owed based upon parameters inputted into the System as set forth in the underlying obligation." ECF 73 at ¶ 5. In other words, the "records" are the data in the System, and the Payoff and Payment History is merely a printout of that data. *See, e.g.*, *Miniature Precision Components, Inc. v. Standex Electronics, Inc.*, 571 F.Supp.3d 955, 968 (E.D. Wis. 2021). And it cannot be said that a bank's record of a borrower's payment history is not in furtherance of a regularly conducted business activity.

Lastly, Goldfarb argues that Metro failed to submit a 114 Loss Mitigation Affidavit as required by Illinois law. This is a diversity case; federal procedural law applies. *See HSBC Bank USA, N.A. v. Garcia*, 2014 WL 3865365, at *5 (N.D. Ill. Aug. 6, 2014) (collecting cases holding that Illinois procedural requirement of a loss mitigation affidavit does not apply to a federal court sitting in diversity).

6

As such, Plaintiff has established a prima facie case of foreclosure. Because Goldfarb asserts no affirmative defenses to Plaintiff's allegations, he fails to carry his burden under the law. Plaintiff is entitled to summary judgment as a matter of law against Goldfarb on Count I of its complaint.

### 2. Breach of Contract

"Under Illinois law, a breach of contract claim has four elements: "(1) the existence of a valid and enforceable contract; (2) performance by the plaintiff; (3) breach of contract by the defendant; and (4) resultant injury to the plaintiff." *Hess v. Bresney*, 784 F.3d 1154, 1158-59 (7th Cir. 2015).

For the same reasons discussed above, the Court finds that there is no genuine dispute of material fact as to Count II. The Court also finds that Plaintiff has met its burden on this Count. Goldfarb and Plaintiff do not dispute that the Guarantors entered into valid and enforceable agreements. *See* ECF 76-1 at 4-6. Goldfarb and Plaintiff do not dispute that Metro performed according to the terms of the Note and the Guarantees. *See id*. Goldfarb and Plaintiff do not dispute that the Borrowers breached the Note. *See id*. at 6. Plaintiff has shown that it has suffered damages as a result of the Borrowers' actions: Plaintiff has presented evidence demonstrating that the Borrowers owe $4,303,611.41 and that it has incurred $42,796.50 in attorneys' fees and costs in seeking recovery of its damages. *See* ECF 83 at ¶7; ECF 75. Goldfarb only disputes Plaintiff's calculation of the amount owed to Metro; but, as discussed above, his argument on this issue fails.

As Plaintiff has met its burden, and Goldfarb asserts no affirmative defenses, Plaintiff is entitled to summary judgment as a matter of law against Goldfarb on Count II of its complaint.

*         *         *

7

For these reasons, the Court grants Plaintiff's motion for summary judgment against Goldfarb.

## B. Default Judgment

Plaintiff has obtained entries of default against 3511-15 Ravenswood, Fresh Start, 2147 West Belmont, 2310 West Belmont, 3818 N Damen, and 2320 W Addison, and now seeks default judgment. *See* Dkt. 50, 58; *VLM Food Trading Intern., Inc. v. Illinois Trading Co.*, 811 F.3d 247, 254 (7th Cir. 2016) ("There are two stages in a default proceeding: the establishment of the default, and the actual entry of a default judgment."). "Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true," though "the plaintiff still must establish his entitlement to the relief he seeks." *VLM*, 811 F.3d at 254. The decision to enter a default judgment lies within the discretion of the district court. *See Wehrs v. Wells*, 688 F.3d 886, 890 (7th Cir. 2012). "In deciding whether to enter a default judgment, courts generally consider the amount of money potentially involved, the presence or absence of disputed factual issues or issues of public importance, whether the default was largely technical, whether the plaintiff was substantially prejudiced by the delay, and whether the grounds for default are clearly established." *BBCN Bank v. Kim*, 2015 WL 9268417, at *2 (N.D. Ill. Dec. 21, 2015).

Metro seeks default judgment against 3511-15 Ravenswood, Fresh Start, 2147 West Belmont, 2310 West Belmont, 3818 N Damen, and 2320 W Addison. As discussed above, Metro has submitted sufficient evidence supporting all elements of its mortgage foreclosure claim (Count I). As such, the Court grants default judgment in favor of Metro and against 3511-15 Ravenswood, Fresh Start, 2147 West Belmont, 2310 West Belmont, 3818 N Damen, and 2320 W Addison on Count I. Metro has submitted uncontroverted evidence supporting all elements of its breach of contract claims against these Defendants. The Court grants default judgment in favor of Metro and

against 2147 West Belmont (Count III), 2310 West Belmont (Count IV), 3818 N Damen (Count V), and 2320 W Addison (Count VI).

### Conclusion

Plaintiff's motions for summary judgment [70], default judgment [69], judgment of foreclosure and sale [71], and attorneys' fees and costs [75] are granted. Summary judgment is entered against Goldfarb. Default judgment is entered against 3511-15 Ravenswood, Fresh Start, 2147 West Belmont, 2310 West Belmont, 3818 N Damen, and 2320 W Addison. The Court will enter a judgment of foreclosure and sale on the Mortgage on Count I and a money judgment in the amount of $4,346,407.91 on Counts II-VI, including the award of $4,303,611.41 and $42,796.50 in attorneys' fees and costs. By August 12, 2026, Plaintiff shall file a proposed judgment of foreclosure and sale on the Mortgage on Count I. The Court will enter the money judgment on Counts II-VI following receipt of Plaintiff's proposed judgment of foreclosure and sale.

**SO ORDERED.**

**ENTERED: July 31, 2026**

**HON. JORGE L. ALONSO**
**United States District Judge**

10